333 F.2d 698
 Holly JOHNSON, as Administrator of the Estate of Joseph
Henry Fail, deceased, Appellee,
v.
ALLSTATE INSURANCE COMPANY, Appellant.
Holly JOHNSON, as Administrator of the Estate of Joseph
Henry Fail, deceased, Appellant,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Appellee.
 No. 9439.
 United States Court of Appeals Fourth Circuit.
 Argued June 11, 1964.
Decided June 15, 1964.
 
 Charles D. Powers, Florence, S.C. (Wright, Scott, Blackwell & Powers, Florence, S.C., in brief), for appellant Allstate Ins. Co.
 Henry Hammer, Columbia, S.C. (Henry H. Edens, Columbia, S.C., Julian S. Wolfe, Lofton M. Fanning and W. T. Klapman, Orangeburg, S.C., on brief), for appellee and appellant Holly Johnson.
 William A. Horger, Orangeburg, S.C. (Horger & Horger, Orangeburg, S.C., on brief), for appellee Southern Farm Bureau Casualty Ins. Co.
 Before HAYNSWORTH and BRYAN, Circuit Judges, and HEMPHILL, District judge.
 PER CURIAM:
 
 
 1
 A liability insurer seeks to shift its liability under its uninsured motorists' endorsement to its policy to another insurer upon grounds of waiver and estoppel, which we find not present.
 
 
 2
 The plaintiff's intestate was a passenger in an automobile which collided with two trucks owned by one Livingston. In an action for wrongful death, he obtained a judgment against Livingston and the two men in possession of the trucks. On appeal, however, we held that the men in possession of the trucks were not Livingston's servants, and the fact that they were not using the trucks with Livingston's permission clearly appeared and was clearly stated. The judgment in the tort action was thus reversed as to Livingston.
 
 
 3
 The two remaining defendants in the tort action, the two who were in possession of the trucks at the time of collision, were uninsured and, since they were not using the trucks with the permission of the owner, they were not entitled to the protection of Livingston's insurance.
 
 
 4
 Southern Farm Bureau Casualty Insurance Company had issued a liability insurance policy to Livingston. It had defended the tort action under a reservation of rights, and, after judgment went against Livingston in the District Court and before that judgment was reversed in this Court, it contributed to the settlement of a companion case.
 
 
 5
 After the judgment against Livingston was reversed, Southern Farm Bureau Casualty Insurance Company disclaimed all further responsibility.
 
 
 6
 The tort-case-plaintiff thereupon instituted this action by joining Southern Farm Bureau Casualty Insurance Company, Livingston's insurer, and Allstate Insurance Company, the insurer of the automobile in which the plaintiff's intestate was a passenger.
 
 
 7
 Clearly Allstate's policy provides coverage under the uninsured motorists' endorsement to the extent of $10,000. It sought, however, to compel Southern Farm Bureau Casualty Insurance Company to assume that obligation because Southern Farm Bureau Casualty Insurance Company, under its reservation of rights, defended the tort action and, with Allstate, contributed to the settlement of a companion case.
 
 
 8
 We agree with the District Court that the circumstances disclose no violation by Southern Farm Bureau Casualty Insurance Company of any duty to Allstate and no basis for an assertion that, as to Allstate, Southern Farm Bureau Casualty Insurance Company had waived its rights in any way or had estopped itself to contend that its policy of insurance, issued to Livingston, was unavailable for the payment of plaintiff's judgment.
 
 
 9
 Allstate also complains of the allowance of interest accrued from a date earlier than the final judgment against it. Under the circumstances, however, when its obligation was clear, unequivocal and liquidated, and it sought not to contest the plaintiff's claim, but to shift its obligation to another insurance company, we think the allowance of prejudgment interest was appropriate.
 
 
 10
 Affirmed.